UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREL HILTON,
    *Plaintiff*,

v.

TAMARA SAUNT,
    *Defendant*.

Case No. 3:22-cv-461 (CSH)
July 6, 2023

### ORDER

**HAIGHT, Senior District Judge:**

Laurel Hilton filed this diversity action against Tamara Saunt, a manager of Harmonic Entertainment, Inc., on March 29, 2022, seeking damages for breach of an oral contract and negligent misrepresentation. Compl. [Doc. 1] ¶ 1, Am. Compl. [Doc. 10] ¶ 6.[1] Hilton alleges that on April 6, 2018, she invested $350,000 in the production of a film, *Angel of Mine*, pursuant to Saunt's oral and written representations that Hilton's investment would be returned with interest, and that Saunt would personally reimburse Hilton in full if she did not receive a full return on her investment. Am. Compl. ¶ 9. Hilton alleges that her investment was never returned, and that Saunt has only paid $20,000 of her promised guarantee. *Id.* ¶¶ 14–15. Hilton is a citizen of Connecticut and Saunt is a citizen of California. *Id.* ¶¶ 2–3.

Pursuant to the Court's scheduling order, the parties are currently exchanging discovery. Now pending are three motions, all filed by Hilton: (1) an Application for Prejudgment Remedy [Doc. 7] (the "Application"), (2) a Second Motion to Amend the Complaint [Doc. 18] (the "Motion

---

[1] On August 25, 2022, Hilton sought leave of Court to amend the complaint. *See* Mot. to Amend Compl. [Doc. 10]. The Court granted permission to do so on October 19, 2022, and the operative Amended Complaint was filed on December 29, 2022. *See* Am. Compl. [Doc. 17]; Electronic Order [Doc. 11].

to Amend"), and (3) a Second Motion to Modify the Scheduling Order [Doc. 21] (the "Motion to Modify"). This order addresses the three pending motions.

## APPLICATION FOR PREJUDGMENT REMEDY AND MOTION TO AMEND

On May 13, 2022, Hilton applied for a prejudgment remedy of attachment against Saunt. Appl. at 1. To secure the sum of $330,000, Hilton sought to attach a condominium owned by Saunt and located at 1909 Clark Lane Unit A, Redondo Beach, California 90278. *Id.* at 1–2. On November 17, 2022, Saunt objected to the Application, arguing that she has substantive defenses to Hilton's claims, that the amount sought in the application is unreasonably high, and that the condominium "may be exempt from such a prejudgment remedy."[2] *See generally* Def.'s Obj. [Doc. 14]. Saunt did not explain why the condominium "may be exempt." But in a subsequent phone call between counsel for the parties, Hilton's attorney learned that on May 20, 2022, seven days after the filing of the Application, Saunt conveyed ownership of the condominium to a Saunt family trust for no consideration. *See* Pl.'s Mem. of L. in Supp. of Mot. to Amend [Doc. 18-1] ("Pl.'s Mem.") at 3, 6; Pl.'s Exh. 3 [Doc. 18-2] at 15 (Trust Transfer Deed dated May 20, 2022).

Hilton seeks leave to amend the complaint a second time based on the newly discovered transfer of the condominium. *See generally* Mot. to Amend. Saunt does not consent to the motion but has not filed any opposition papers. *Id.* at 1.

Hilton's proposed second amended complaint would add the Trustee of the Saunt Family Trust as a defendant and add two new counts of fraudulent transfer under Connecticut law. *Id.* at 4–6. Specifically, Hilton seeks to add as defendants "Tamara Saunt and Bartholomew Nikolai Saunt, in their capacity as trustees of the Saunt Family Trust," which is now the legal owner of the

---

[2] As discussed below, Saunt has neither answered the complaint nor filed a motion to dismiss, leaving the nature of her substantive defenses unclear.

condominium. *Id.* at 4. Hilton would also add two new counts: (1) fraudulent transfer as to Saunt in her individual capacity, pursuant to Connecticut's Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-552a *et seq.*, and (2) receipt of fraudulent transfer as to Tamara Saunt and Bartholomew Nikolai Saunt, in their capacities as trustees of the Saunt Family Trust, pursuant to the same statute. *Id.* at 4–6.

Federal Rule of Civil Procedure 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires." The Supreme Court has instructed that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice to the opposing party . . . , futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of these concerns applies here. The cause of Hilton's delay in seeking the amendment is that Hilton was unaware of the condominium's transfer until November 17, 2022, when Saunt filed her objection to the Application and counsel spoke by phone. Pl.'s Mem. at 3, 6. Saunt filed that objection more than six months after Hilton's Application was made, and only after the Court ordered Saunt to indicate her position on the Application on or before November 18, 2022. *See* Doc. 12. Upon learning of the transfer, Hilton's counsel promptly conducted a deed search and filed the instant Motion to Amend. Pl.'s Mem. at 6–7 n.4.

While Hilton has already made one amendment, the instant amendment does not entail a "repeated failure to cure deficiencies." Rather, with the first motion to amend, Hilton sought to add factual detail to the initial filing and correct the date of her investment. *Compare* Compl. ¶¶ 5–6 *with* Am. Compl. ¶¶ 5–9 (adding detail regarding the parties' communications and correcting

3

the date from February 2018 to April 2018). Here, with this second amendment, Hilton seeks not to correct the complaint, but to *augment* it based on new facts.

The proposed amendments would not cause undue prejudice to Saunt, as they arise from Saunt's own alleged actions since the filing of the Application. Nor is there reason to believe amendment would be futile. *See Guzzo v. Conn. State Colls. & Univs.*, No. 3:21-CV-254 (CSH), 2022 WL 2527974, at *2 (D. Conn. July 7, 2022) ("An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis.") (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

Accordingly, the Court will grant Hilton's Second Motion to Amend the Complaint.

## **MOTION TO MODIFY**

On May 24, 2023, Hilton moved to modify the scheduling order entered on October 19, 2022, requesting an enlargement of the deadlines to complete discovery and for the joint trial memorandum and trial readiness until "Fall 2023, or at the Court's discretion." Mot. to Modify at 1–2. Saunt consents to this motion. *Id.* at 1. Hilton notes, in support, that "Plaintiff's and Defendant's depositions in March revealed information necessitating additional discovery required to completely prepare this case for trial." *Id.*

In light of these representations, and the developments discussed above, the Court finds good cause under District of Connecticut Local Rule 7(b) to grant Hilton's Motion to Modify.

The Court also notes, upon review of the docket, that Saunt has failed to file an answer or responsive pleading to both the Complaint, which was filed on March 29, 2022, or to the Amended Complaint, filed on December 29, 2022. While this failure would provide sufficient cause for the Court to enter default under Rule 55(a) of the Federal Rules of Civil Procedure, in light of the appearance of Saunt's counsel and the fact that Hilton will shortly be filing a second amended

complaint, the Court will allow Saunt a final opportunity to respond. Saunt is instructed to do so promptly after the filing of the second amended complaint, as the Federal Rules require.

## CONCLUSION

For the foregoing reasons, the Court makes this Order:

(1) Plaintiff's Second Motion to Amend the Complaint [Doc. 18] is **GRANTED**. Counsel for Plaintiff shall serve the second amended complaint upon the existing and added parties and file it on the docket *forthwith*.

(2) Plaintiff's Second Motion to Modify the Scheduling Order [Doc. 21] is **GRANTED**. The case deadlines are **MODIFIED** as follows:

   a. Any required response to the second amended complaint must be made within **fourteen (14) days** after service of the amended pleading, pursuant to Federal Rule of Civil Procedure 15.

   b. The newly added defendants will have until **August 21, 2023** to respond to the Application for Prejudgment Remedy. A hearing on the Application will be scheduled shortly thereafter.

   c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), shall be completed by **October 2, 2023**.

   d. All dispositive motions shall be filed on or before **December 4, 2023**.

   e. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases shall be filed on or before **January 8, 2024, or thirty (30) days** after a ruling by the Court on the last filed dispositive motion, whichever is later.

5

    f.  The case will be ready for trial by **February 12, 2024, or thirty (30) days** after the filing of the joint trial memorandum, whichever is later.

It is SO ORDERED.

Dated at New Haven this 6th day of July 2023.

               <u>*/s/ Charles S. Haight, Jr.*</u>
               CHARLES S. HAIGHT, JR.
               Senior United States District Judge